```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

KANDICE HARRINGTON and
ANTHONY JENKINS,

      Plaintiffs,
v.                         CASE NO.: 8:11-cv-1817-T-33MAP

CAREER TRAINING INSTITUTE
ORLANDO, INC. d/b/a Fortis
College and EDUCATION
AFFILIATES, INC.,

      Defendants.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to Defendants' Motion to Dismiss Count Two of Plaintiffs' Complaint (Doc. # 4), which was filed on August 12, 2011. Plaintiffs filed a Response in Opposition to the Motion (Doc. # 6) on August 25, 2011. For the reasons that follow, this Court denies the Motion.

**I.   <u>Background</u>**

Plaintiff Kandis Harrington began her employment with Defendants on June 4, 2010, as an Admissions Representative. (Doc. # 2 at ¶ 12). Plaintiff Anthony Jenkins began his employment with Defendants on April 26, 2010, as an Admissions Representative and was thereafter promoted to the position of Director of Admissions. <u>Id.</u> at ¶ 13. Harrington (a Caucasian female) and Jenkins (an African American male) "began dating."

Id. at 14. According to the complaint, Ray Nunziata, Jr., the Campus Director, "began subjecting Plaintiffs to repeated instances of discrimination and disparate treatment" when he learned that Plaintiffs were dating. Id. at ¶ 15. Nunziata admonished Jenkins for dating Harrington and remarked: "You can go to jail for that kind of thing." Id. at ¶ 16. Nunziata began treating Harrington harshly and directed profanity at her. Id. at ¶ 17. He stated to Harrington: "[Y]ou and Anthony do not belong together." Id. at ¶ 18.

Plaintiffs filed "a formal discrimination complaint" against Nunziata on April 5, 2011. Id. at ¶ 19. Defendants retaliated against Plaintiffs by: (1) firing Harrington one week after the formal complaint was lodged and (2) reducing and changing Jenkins's job duties. Id. at ¶¶ 20-23.

Plaintiffs filed a two count retaliation complaint pursuant to 42 U.S.C. § 1981 against Defendants in State court on July 21, 2011, which Defendants timely removed on August 12, 2011. (Doc. # 1, 2). Defendants filed a answer and affirmative defenses to count one, in which Harrington seeks redress for retaliation. As to count two, in which Jenkins seeks redress for retaliation, Defendants filed the present Motion to Dismiss. Defendants assert that the complaint fails to state a claim for retaliation as to Jenkins. The Motion is

ripe for the Court's review.

## II. <u>Legal Standard</u>

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff. <u>See</u> <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1269 (11th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." <u>Id.</u> (internal

3

citations omitted); River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.").

### III. Analysis

Jenkins's retaliation claim is similar to the retaliation claim recently upheld by the Court in Thompson v. North American Stainless, 131 S. Ct. 863 (2011). There, two employees (Eric Thompson and Miriam Regalado) who were engaged to be married worked for the same employer. Id. at 867. Regalado filed a sex discrimination charge with the EEOC against the employer and, three weeks later, the employer fired Thompson in retaliation. Id.

Thompson filed a Title VII retaliation complaint against the employer "claiming that [the employer] had fired him in order to retaliate against Regalado for filing her charge with the EEOC." Id. The district court granted summary judgment in favor of the employer and the Sixth Circuit, en banc, affirmed by a 10-to-6 vote. Id. The Supreme Court granted certiorari and reversed both the district court and the Sixth Circuit. Id. at 870.

The Court determined that Thompson's claim was a viable retaliation claim because "a reasonable worker might be dissuaded from engaging in protected activity if she knew that her finance would be fired." Id. at 868. The Court further explained: "Thompson is not an accidental victim of the retaliation--collateral damage, so to speak, of the employer's unlawful act. To the contrary, injuring him was the employer's intended means of harming Regalado. Hurting him was the unlawful act by which the employer punished her." Id. at 870.

The present case can be distinguished because the complaint alleges that the Plaintiffs are dating and in Thompson, the employees were engaged to be married.[1] However, it should be noted that the Court's ruling in Thompson does not exclude third party reprisal claims for individuals who are merely dating.[2] Rather, the Court explained:

---

[1] Thompson, a Title VII case, is binding in this § 1981 case because § 1981 and Title VII "are subject to the same standards of proof and employ the same analytical framework." Bryant v. Jones, 575 F.3d 1281, 1307 (11th Cir. 2009).

[2] The complaint alleges that the Plaintiffs are dating. The Response in Opposition to the Motion to Dismiss clarifies that the Plaintiffs are actually engaged to be married. The Court determines that its holding would be the same regardless of whether the Plaintiffs are dating or engaged. However, because the case is before the Court on a Rule 12(b)(6) motion, the Court will assume that the Plaintiffs are dating, rather than engaged.

5

> [W]hat about firing an employee's girlfriend, close friend, or trusted co-worker? . . . . [We] decline to identify a fixed class of relationships for which third-party reprisals are unlawful. We expect that firing a close family member will almost always meet the <u>Burlington</u> standard, and inflicting a milder reprisal on a mere acquaintance will almost never do so, but beyond that we are reluctant to generalize.

<u>Id.</u> at 868.[3]

In rendering its binding decision in <u>Thompson</u>, the Court declined to bar claims for third party reprisals, such as the one at issue in this action. Accordingly, consistent with <u>Thompson</u>, the Court denies the Motion to Dismiss.

Accordingly it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss Count Two of Plaintiffs' Complaint (Doc. # 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of September, 2011.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[3] In <u>Burlington v. White</u>, 548 U.S. 53, 68 (2006), the Court determined that a "materially adverse" action was an action that "might have dissuaded a reasonable worker from making or supporting a [discrimination] charge."